IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2109-FL

| | |
|---|---|
| DAVID EZEL SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SUPERINTENDENT LARRY DAIL, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion for summary judgment (DE # 13) pursuant to Federal Rule of Civil Procedure 56 of respondent Larry Dail ("respondent"). Also before the court are the motion for summary judgment (DE # 17), motion captioned "motion in a affidavid [sic] to amended to the summary judgment" (DE # 21), motion to alter or amend judgment (DE # 22), requests to be returned to federal custody (DE # 23, 24, 25), and the due process claims (DE # 17) of petitioner David Ezel Simpson ("petitioner"). These matters are ripe for adjudication. For the following reasons, the court rules as follows.

## STATEMENT OF THE CASE

The undisputed facts are as follows. On October 17, 2003, in the United States District Court for the Western District of North Carolina, petitioner was convicted of conspiracy to commit credit card fraud, aiding and abetting in bank fraud, and aiding and abetting in money laundering. United States v. Simpson, No. 5:02cr43-RLV (W.D.N.C. Nov. 3, 2000); (Resp't's Mem. Ex. 1); see Simpson v. U.S. Marshal, No. 5:10cv74-03-V, 2010 WL 2539846, *1 (W.D.N.C. June 18, 2010).

Petitioner was sentenced to a term of seventy-eight (78) months imprisonment, followed by a three-year term of supervised release. (Id.) Petitioner served his federal term of imprisonment, and his supervised release commenced on June 4, 2007. (Resp't's Mem. Ex. 2. at 1.)

On July 22, 2007, petitioner was arrested and charged with several state crimes in Union County, North Carolina. (Id. at 1-2.) In particular, petitioner was charged with the following: (1) assault on a law enforcement officer; (2) two counts of possession of stolen goods; (3) possession of burglary tools; (3) two counts of breaking and/or entering; and (4) two counts of larceny after breaking and/or entering. (Id.)

On August 7, 2007, the United States District Court for the Western District of North Carolina Magistrate Judge David C. Keesler issued a warrant for petitioner on the grounds that he violated the conditions of his supervised release because he committed the above-stated offenses. (Id. at 1-3.) On February 26, 2008, the federal government obtained a writ of habeas corpus *ad prosequendum* in order to have petitioner moved from state custody in the Union County Jail to federal custody in the Western District of North Carolina. (Id. Ex. 3.) On July 2, 2008, Judge Thornburg of the United States District Court for the Western District of North Carolina revoked petitioner's supervised release and sentenced him to a term of thirty-six (36) months imprisonment. (Id. Ex. 4; Pet. at 1.)

Petitioner states that he filed a request for a speedy trial, pursuant to Article III of the Interstate Agreement on Detainers Act ("IADA"), with the Union County Clerk of Court and District Attorney on July 2, 2008. (Pet. at 3.) Petitioner also states that, on July 15, 2008, the State of North Carolina issued a writ to have him brought into state custody to be tried on the Union County charges. (Id.)

2

In August 2007, petitioner was transferred from federal custody to state custody, on safe keeper status, in order to be tried for his state charges. (Resp't's Mem. Ex. 5.) Petitioner alleges that he has filed several requests in the North Carolina Superior Court for a speedy trial and several motions to dismiss his charges. Petitioner states that he filed these motions *pro se* because his court-appointed counsel refused to file them. On July 2, 2009, North Carolina Superior Court Judge W. David Lee wrote to petitioner, informing him that the court would not consider his *pro se* filings because he was represented by counsel. (Id. Ex. 6.) The superior court instructed petitioner that North Carolina law did not permit him to appear both *pro se* and through counsel. (Id.) Petitioner also filed several *pro se* filings in the North Carolina appellate courts.

On March 12, 2009, petitioner filed a motion captioned "Writ of Mandanna for Relief" in the North Carolina Supreme Court, which was dismissed on April 16, 2009. Simpson v. District Attorney, No. 109PO9 (N.C. Apr. 16, 2009); (Id. Ex. 7.) On April 21, 2009, petitioner filed a petition for a writ of certiorari in the North Carolina Supreme Court, which was dismissed on June 17, 2009. State v. Simpson, 680 S.E.2d 205 (June 17, 2009); (Resp't's Mem. Ex. 8). On May 18, 2009, petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals, which was dismissed on May 18, 2009. (Id. Ex. 9.) On June 22, 2009, petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on July 13, 2009. (Id. Ex. 10.)

On August 17, 2009, petitioner filed a petition for a writ of habeas corpus in the North Carolina Court of Appeals, which was denied on August 18, 2009. (Id. Ex. 11.) On August 24, 2009, petitioner filed a petition for a writ of habeas corpus in the North Carolina Supreme Court, which was dismissed on August 27, 2009. (Id. Ex. 12.) Petitioner filed two subsequent petitions

for a writ of habeas corpus in the North Carolina Supreme Court, both of which were denied on October 30, 2009. (Id. Ex. 13.)

On August 26, 2009, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges that the state violated his speedy trial rights under Article III of the IADA, 18 U.S.C. App. 2, and that the state violated his federal constitutional speedy trial rights pursuant to the Sixth Amendment of the United States Constitution. Petitioner also alleges that he received ineffective assistance of trial counsel because his counsel failed to file pretrial motions raising the preceding grounds for relief. As relief, petitioner requests that this court dismiss his pending state court charges and order that he be returned to federal custody. (Pet. at 18.)

On January 12, 2010, respondent filed a motion for summary judgment, arguing that petitioner's claim should be dismissed for failure to exhaust administrative remedies. Alternatively, respondent argues that this court should abstain from considering petitioner's petition pursuant to the United States Supreme Court's ruling in Younger v. Harris, 401 U.S. 37 (1971). Finally, respondent argues that petitioner's claims are without merit. Petitioner filed a response on February 2, 2010. Petitioner subsequently filed a motion for summary judgment, a motion captioned "motion in a affidavit [sic] to amended to the summary judgment," and a motion to alter or amend the judgment.

## DISCUSSION

I. Motion to Amend

Petitioner filed a pleading captioned "motion in a affidavit [sic] to amended to the summary judgment," in which he seeks to supplement his motion for summary judgment. For good cause shown, petitioner's motion to supplement his motion for summary judgment is GRANTED.

4

II.  Motion to Alter or Amend the Judgment

Petitioner filed a motion to alter or amend the judgment. Petitioner's motion is unclear and difficult to understand. It appears that petitioner is providing additional support for his May 19, 2010, motion to supplement his motion for summary judgment. For good cause shown, this motion is GRANTED.

III.  Cross Motions for Summary Judgment

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 247. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Respondent's Motion for Summary Judgment

1.  Speedy Trial and IADA Claims

Respondent argues that this court should abstain from hearing petitioner's claims pursuant to the United States Supreme Court's ruling in Younger v. Harris, 401 U.S. 37 (1971). In this action, petitioner essentially requests that this court intervene in his currently pending state court proceedings and order the state court to dismiss his pending charges. The court lacks jurisdiction

5

under Younger and its progeny to issue such injunctive relief. See, e.g., Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) ("In Younger, the Supreme Court detailed our 'national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'" (quoting Younger v. Harris, 401 U.S. 37, 41 (1971))). A federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." See id. The Supreme Court has recognized three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotations omitted). However, "the cost, anxiety, and inconvenience of having to defend against a criminal prosecution alone [does] not constitute irreparable injury." See id. (quotation omitted; alteration in original).

Petitioner's request for injunctive relief falls within Younger. First, petitioner is challenging an ongoing state criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Third, petitioner's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc) (quotation omitted); see Glover v. City of Orangeburg, No. 5:08-406-JFA-BM, 2008 WL 961752, at *8 (D.S.C. Apr. 8, 2008). Finally, the court finds that petitioner has not demonstrated that any of the Younger exceptions apply to this action, and that conclusory

6

allegations of misconduct in his complaint are insufficient to support a "Younger exception." See, e.g., Kirschner v. Klemons, 225 F.3d 227, 236 (2d Cir. 2000); Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1165 (10th Cir. 1999); Crenshaw v. Sup. Ct. of Ind., 170 F.3d 725, 729 (7th Cir. 1999).

The court finds that special circumstances do not require that this court interfere in the state court proceedings because procedures exist in state court which would protect petitioner's constitutional rights. In particular, petitioner may pursue his claims in state court both during and after trial. In fact, the evidence in the record demonstrates that the trial court has addressed the speedy trial issue in his pending state criminal action. (See DE # 19 attach.) Specifically, the trial court found that petitioner failed to demonstrate that the alleged delay in petitioner's criminal action was purposeful neglect or willfulness of the district attorney's office. (Id.) The trial court also found that petitioner failed to demonstrate prejudice. (Id.) Because petitioner has failed to demonstrate "special circumstances" or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief, this court abstains from considering this action. See Brazell v. Boyd, 991 F.2d 787, 1993 WL 98778, *2 (4th Cir. 1993) (finding the district court should abstain from considering a speedy trial claim pursuant to Younger); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989) (reversing a district court injunction regarding procurement of evidence in state prosecution under Younger); Stephney v. Myers, No. 8:06-2050-MBS-BHH, 2008 WL 2076766, *5 (D.S.C. May 8, 2008) (abstaining from hearing claim brought pursuant to the IADA). Thus, this petition is DISMISSED without prejudice.

7

Case 5:09-hc-02109-FL   Document 27   Filed 09/28/10   Page 7 of 11

Respondent argues that even if petitioner's IADA[1] claim is not barred by Younger, petitioner still would not be entitled to relief because his claim is without merit. In particular, respondent argues that petitioner may not allege a speedy trial claim pursuant to Article III of the IADA because the State of North Carolina did not lodge a detainer pursuant to the IADA. A detainer "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985).

In this case, petitioner alleges that the State of North Carolina issued a writ of habeas corpus ad prosequendum to have him brought into state custody to be tried on his Union County charges, and admits that the state did not file a detainer pursuant to the IADA. Additionally, there is no evidence in the record that the state filed a detainer pursuant to the IADA. A writ of habeas corpus ad prosequendum, requesting custody of a state prisoner for trial on criminal charges, is not a "detainer" within the meaning of the Agreement on Detainers. United States v. Mauro, 436 U.S. 340, 361 (1978), Stewart v. Bailey, 7 F.3d 384, 388 (4th Cir. 1993). Thus, the IADA is not applicable, and petitioner's claim is without merit. Id.

C. Petitioner's Motion for Summary Judgment

Petitioner has failed to meet the burden required of a party moving for summary judgment. Petitioner has failed to show that there is no issue of material fact and that he is entitled to judgment as a matter of law. Accordingly, petitioner's motion for summary judgment is DENIED.

---

[1] The IADA, § 2, 18 U.S.C. App. 2, is a compact among forty-eight (48) states, the District of Columbia, and the Federal Government which allows a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner" by another state. Id. at Art.III.

8

IV. Petitioner's Request for Transfer to Federal Jurisdiction

Petitioner appears to request that this court order that he be transferred back to federal custody. Petitioner states that he was transferred to the State of North Carolina's custody pursuant to a writ of habeas corpus ad prosequendum. Writs of habeas corpus ad prosequendum are authorized by 28 U.S.C. § 2241(c)(5). See United States v. Moussaoui, 382 F.3d 453, 465 (4th Cir. 2004). The writ allows a summoning jurisdiction to order a prisoner being held in another jurisdiction to appear and answer charges against him. United States v. Harden, 45 Fed. Appx. 237, 2002 WL 2004854, *1 (4th Cir. Sept. 3, 2002). The writ allows the state "to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." Id. (quoting Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989) (quotation omitted)). Inmates do not have standing to challenge transfers between sovereigns or to challenge the issuance of a writ of habeas corpus ad prosequendum. Harden, 42 Fed. Appx. at *1 (citing Derengowski v. U.S. Marshal, 377 F.2d 223, 223 (8th Cir. 1967)). Thus, petitioner lacks standing to challenge the issuance or the operation of the writ of habeas corpus ad prosequendum in this action.

V. Petitioner's Due Process Claim

Petitioner also alleges that his constitutional rights have been violated because his state incarceration prevents him from participating in various prison programs in violation of due process of the law. With this claim, petitioner is not challenging the fact or length of his confinement, rather, he is challenging the conditions of his confinement. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983. Id.; see Winslow v. Samberg, 805 F.2d 394, 1986 WL 18055, *1 (4th Cir. 1986)

9

("to determine whether a claim is cognizable as a habeas corpus action or under § 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether it is a challenge to the conditions of confinement."). Petitioner brought this claim pursuant to § 2241. Therefore, petitioner's claim challenging the conditions of his confinement is DISMISSED.[2]

VI.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

---

[2] Even if petitioner's due process claim could be brought pursuant to § 2241, it still would be without merit. A prisoner has no right to a specific custody classification, to a transfer, or to work release. O'Bar v. Pinion, 953 F.2d 74, 82-83 (4th Cir. 1991). Likewise, a prisoner has no constitutional right to the opportunity to participate in vocational, educational, recreational, and rehabilitative programs. McKune v. Lile, 536 U.S. 24, 38 (2002). Finally, petitioner states that he currently is pursuing his civil rights claims in independent pending actions. See Simpson v. State of North Carolina, No. 5:09-CT-3075-D (E.D.N.C. filed, Apr. 20, 2009); Simpson v. Branker, No. 5:10-CT-3041-FL (E.D.N.C. filed, Apr. 5, 2010); (DE # 24, p. 1).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 13) is hereby GRANTED, and the matter is DISMISSED without prejudice. Petitioner's motions captioned "motion in a affidavit [sic] to amended to the summary judgment" (DE # 21) and motion to alter or amend judgment (DE # 22) are GRANTED. However, petitioner's motion for summary judgment (DE # 17) and the Certificate of Appealability are DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge